**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BOBBY RAY BURKS, JR.,** | § | |
| **TDCJ No. 01768530,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-23-CV-1468-DII |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court are Bobby Ray Burks, Jr.'s ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Response (ECF No. 12), Petitioner's Reply and Supplemental Reply (ECF Nos. 17, 19). Having reviewed the record and pleadings, the Court dismisses Petitioner's habeas corpus petition as untimely filed.

**I. Background & Analysis**

On February 12, 2012, a jury convicted Petitioner of capital murder, and he was sentenced to life imprisonment without parole. *State v. Burks*, No. 10-691-K277 (277th Dist. Ct., Williamson Cnty., Feb. 14, 2012). (ECF No. 13-51 at 45-48.) On March 26, 2014, the Third Court of Appeals affirmed Petitioner's conviction. *Burks v. State*, No. 03-12-00181-CR, 2014 WL 1285731 (Tex. App.--Austin, Mar. 26, 2014, no pet.). Petitioner did not file a Petition for Discretionary Review. (ECF No. 12-1 at 2.)

On August 4, 2017, Petitioner executed his state habeas corpus application, raising the following claims:

1. The appellate court erred by overruling the second ground of Petitioner's direct appeal;

2. His trial counsel provided ineffective assistance when they failed to (a) investigate and present his alibi and transference defenses, and (b) challenge his possession of his cell phone during the timeframe of the crime;

3. His appellate counsel provided ineffective assistance of counsel when he (a) failed to perfect a direct appeal, (b) had a conflict of interest, and (c) failed to consult with Petitioner about his decision not to raise an ineffective assistance of trial counsel claim on direct appeal;

4. The trial court erred by admitting testimony from the State's expert witness regarding cellphone and cell site records;

5. Petitioner is actually innocent;

6. The trial court erred by failing to instruct the jury on accomplice witnesses and admitting accomplice-witness testimony; and

7. His trial counsel provided ineffective assistance by failing to object to the trial court's erroneous jury instructions regarding accomplice witnesses.

(ECF No. 13-50 at 19-35.) On November 23, 2022, the Texas Court of Criminal Appeals (TCCA) denied Petitioner's state habeas corpus application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Burks*, No. WR-27,316-03 (Tex. Crim. App. Nov. 23, 2022). (ECF No. 13-49.)

Petitioner executed his federal petition for writ of habeas corpus on November 20, 2023, raising the following claims:

1. The trial court erred by not granting Petitioner's challenge to the State's peremptory strike of an African American venire member;

2. The evidence is insufficient to support her conviction;

3. The trial court erred by admitting testimony from the State's expert witness;

4. The trial court erred in admitting into evidence clothing found from Petitioner's vehicle;

5. The appellate court erred by finding that non-accomplice evidence was sufficient to corroborate accomplice witness testimony;

6. His trial counsel provided ineffective assistance when they failed to (a) investigate and present his alibi and transference defenses, and (b) challenge his possession of his cell phone during the timeframe of the crime;

7. His appellate counsel provided ineffective assistance of counsel when he (a) failed to perfect a direct appeal, (b) had a conflict of interest, and (c) failed to consult with Petitioner about his decision not to raise an ineffective assistance of trial counsel claim on direct appeal;

8. The trial court erred by admitting testimony from the State's expert witness regarding cellphone and cell site records;

9. Petitioner is actually innocent;

10. The trial court erred by failing to instruct the jury on accomplice witnesses and admitting accomplice-witness testimony; and

11. His trial counsel provided ineffective assistance by failing to object to the trial court's erroneous jury instructions regarding accomplice witnesses.

(ECF No. 1.) In Respondent Lumpkin's answer, he argues the petition should be dismissed as untimely filed. (ECF No. 12.) In his reply and supplemental reply, Petitioner argues his federal petition is not untimely because his state habeas application was pending until November 23, 2022, and he filed his federal petition on November 20, 2023. (ECF Nos. 17, 19.)

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), a properly filed state application for habeas corpus relief tolls the AEDPA limitations period while the state application is under review.

Petitioner's conviction became final on April 24, 2014, when the time for filing a petition for discretionary review expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that state prisoner's conviction was final when the time for filing a petition for discretionary review expired). Therefore, based on § 2244(d)(1)(A), the AEDPA one-year limitations period started on April 24, 2014. Petitioner therefore had until April 27, 2015, to file his federal habeas corpus petition.[1]

Petitioner waited until November 20, 2023, to file his federal habeas petition, which is 3,129 days—or over eight and a half years—after the limitations period expired. In his reply to Respondent's answer, Petitioner argues that his federal habeas petition is timely because his state habeas application was under consideration during this time period and it tolled the AEDPA limitations period. Unfortunately, this is incorrect. Petitioner waited until August 4, 2017, to file his state habeas application, which is 830 days—or over two years—after the AEDPA limitations period expired on April 27, 2015. For Petitioner's state habeas application to toll the AEDPA limitations period, Petitioner needed to have filed it <u>before</u> the limitations period expired. Because Petitioner failed to do so, his state habeas application does not toll the AEDPA limitations period for his federal habeas petition.

Petitioner's federal petition must therefore be dismissed as untimely unless he is entitled to either statutory or equitable tolling. Petitioner briefly mentions the statutory tolling provision

---

[1] Petitioner's one-year AEDPA limitations period technically ends on April 25, 2015, which is a Saturday; however, pursuant to the Federal Rules of Civil Procedure, a deadline ending on Saturday is rolled over to the following Monday. FED. R. CIV. P. 6(a)(1)(C). This results in Petitioner's AEDPA limitations period ending on April 27, 2015.

under which the AEDPA limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner refers to this provision in his reply:

> Furthermore, the [Respondent] argues that the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. [Petitioner] argues that is true, but the claims should have been brought up on direct appeal. And since they were not, that weight falls directly on [Petitioner]'s appeal counsel's shoulders, Ariel Payan. [Petitioner] argues that all the claims hold merit and should have been brought up on direct appeal and since they were not, that is procedural default on behalf of [Petitioner]'s appeal counsel and [Petitioner] is entitled to habeas relief.

(ECF No. 17 at 3.)

Unfortunately, there is not enough here to show Petitioner's entitlement to statutory tolling under § 2244(d)(1)(D). Petitioner does not state what claims he believes are subject to this tolling or describe in any fashion how he only recently discovered them after due diligence. Petitioner does not argue that he is entitled to statutory tolling based on any other section of § 2244(d), and he does not argue he is entitled to the extraordinary remedy of equitable tolling.[2] Because Petitioner has not shown his entitlement to statutory or equitable tolling, the Court must dismiss his federal habeas corpus petition with prejudice as untimely filed.

### III. Certificate of Appealability

A petitioner may not appeal a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule

---

[2] Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights," *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). Petitioner has made no allegations suggesting his entitlement to equitable tolling. In fact, it appears Petitioner was still preparing his state habeas application as of May 23, 2016, over one year after his ADEPA limitations period expired. (ECF No. 13-50 at 67.) This alone weighs against Petitioner's entitlement to equitable tolling. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (petitioner who waited almost seven months before seeking state habeas relief was not diligent and therefore not entitled to equitable tolling).

11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a *habeas* petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the court denies a certificate of appealability.

It is therefore **ORDERED** that Petitioner Bobby Ray Burks, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely filed.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 29th day of October, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE